IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

JULIA HOLGUIN, ET AL.,

      Plaintiffs,

v.                                                              No. CIV O4-687 BB/RHS

CITY OF ALBUQUERQUE, ET AL.,

      Defendants.


**MEMORANDUM OPINION**

      This matter comes before the Court for consideration of a motion for summary judgment (Doc. 21) and a motion to dismiss (Doc. 24) filed by Defendant City of Albuquerque.  The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion for summary judgment will be granted, rendering the motion to dismiss moot.

      Plaintiffs sued the City of Albuquerque, Robbin Burge, and several Jane and John Doe Defendants.  The Doe Defendants have already been dismissed from the case.  Furthermore, Defendant Burge has never been served with process and has not appeared in the case.  Following the close of discovery, Defendant City moved for summary judgment on Plaintiffs' municipal-liability claims, the only claims brought against the City.  The City also moved to dismiss the case as a sanction for perjury allegedly committed by some of the Plaintiffs.  Plaintiffs agree that the case should be dismissed, although not on the perjury grounds alleged by the City.  Instead, Plaintiffs state the following:  (1) the lack of service on Defendant Burge requires that the case be dismissed against her without prejudice; (2) Plaintiffs are proceeding against both the Doe

Defendants and Defendant Burge in other, separate causes of action; (3) Plaintiffs cannot prove Defendant Burge entered Plaintiffs' residence, and therefore cannot prove their excessive-force and false-arrest claims against her; (4) for that reason, Plaintiffs cannot demonstrate an underlying constitutional violation; and (5) for these reasons, the case should be dismissed without prejudice against both the City and Defendant Burge. [Resp. pp. 3-4]

The only point of contention between the parties, therefore, is whether the dismissal of this case should be without prejudice, as Plaintiff requests, or with prejudice, as the City would have it. Since the Defendants are in different positions with respect to this case, the Court will analyze each separately.

**Defendant Burge:** As noted above, Defendant Burge has never been served with process and is not part of this lawsuit. According to Rule 4(m) of the Federal Rules of Civil Procedure, a case may be dismissed without prejudice for failure to effect service within 120 days after the filing of the complaint. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). Normally, a court should make an inquiry as to whether the plaintiff has good cause for the failure to effect service, prior to dismissing the action. *Id.* In this case, however, Plaintiffs have consented to the dismissal and have thereby waived any argument they might have had concerning good cause. Dismissal is therefore appropriate. As the City has not cited to any authority indicating a dismissal for failure to effect service may be with prejudice, and Defendant Burge has not appeared in the case to make such an argument, the case will be dismissed as to Defendant Burge without prejudice.

**Defendant City:** With respect to the City the situation is different because the City has appeared and litigated this case. Discovery has been completed and the City has filed two potentially dispositive motions. Plaintiff's request for dismissal without prejudice at this stage of

2

the case is tantamount to a motion for voluntary dismissal of the case, since such a dismissal would essentially leave the parties in the same position they were in before the lawsuit was filed.

When a request for voluntary dismissal is made after the opposing party has answered the complaint and litigation of the case has commenced, the primary consideration in deciding whether to grant that request is preventing prejudice to the defendant. *Phillips USA Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996). In addition, where one party has filed a motion for summary judgment, the other party should not be allowed to avoid an adverse decision by dismissing the case without prejudice. *Id.*, 77 F.3d at 358. Relevant factors to be considered in deciding whether to grant a request to dismiss without prejudice include the opposing party's effort and expense in litigating the case, excessive delay and lack of diligence on the part of the requestor, insufficient explanation of the need for dismissal, the present stage of the litigation, and any other factors unique to the case. *Id.*

Considering the above factors in this case, dismissal with prejudice is the appropriate result. The City did not present evidence concerning the effort and expense involved in litigating this case so far. As to the second factor, however, the Court notes the case has been pending for over a year, and Plaintiffs have conducted no discovery during this time. In fact, the City was forced to file a motion to compel to induce Plaintiffs to answer the City's written discovery requests. [Doc. 13] Plaintiffs have not, therefore, litigated this case diligently. Most importantly, however, the only explanation Plaintiffs have offered for the need for dismissal is the fact that they have failed to prove their case against the City, by failing to prove any underlying constitutional violation that could form the basis of a municipal-liability claim. Under these circumstances, allowing Plaintiffs to dismiss their claims against the City without prejudice is not

appropriate, as it would allow Plaintiffs to avoid an adverse decision on the City's dispositive motion for summary judgment, without sufficient justification for such a result. *See Phillips*. For that reason, the claims against the City will be dismissed with prejudice.

**DATED** at Albuquerque this 18th day of July, 2005.

									_____
									BRUCE D. BLACK
									United States District Judge

**Attorneys:**

**For Plaintiffs**
Dennis W. Montoya

**For Defendant City of Albuquerque**
Stephanie M. Griffin